IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 2:23-cv-118-ECM ) [WO] |
| $15,000 IN UNITED STATES CURRENCY and $3,980.00 IN UNITED STATES CURRENCY, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court are the United States' motion for default judgment and decree of forfeiture (doc. 16), and the Claimant's motion to set aside the Clerk's entry of default (doc. 20). For the reasons that follow, the Claimant's motion is due to be GRANTED, and the United States' motion is due to be DENIED.

**II. JURISDICTION**

The Court has original subject matter jurisdiction over a case involving the United States pursuant to 28 U.S.C. § 1345 and over a forfeiture action pursuant to 28 U.S.C. § 1355(a). Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

**III. LEGAL STANDARD**

It is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169,

1174 (11th Cir. 1985).  Federal Rule of Civil Procedure 55 creates a two-step procedure for obtaining a default judgment against an unresponsive party.  When a defendant "has failed to plead or otherwise defend" against claims, and the plaintiff demonstrates that failure, the Clerk must enter the defendant's default. Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

## IV.  PROCEDURAL FACTS

The United States filed a verified complaint on February 27, 2023 (doc. 1), before amending its complaint on March 15, 2023 (doc. 7).  In such, the United States alleged that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. §§ 841 and 846. (Doc. 7).

Warrants of arrest *in rem* were issued and the defendant property was served on March 20, 2023. (Docs. 9 and 11).  The following day, Orlando Clark was served with copies of the notice of complaint for forfeiture against personal property, amended verified complaint for forfeiture *in rem*, and warrants of arrest *in rem*. (Doc. 12).  Notice of this civil forfeiture action against the defendant property was also published for thirty

consecutive days on an official government internet site (www.forfeiture.gov), as evidenced by the declaration of publication filed with this Court. (Doc. 13).

On June 2, 2023, the Clerk of the Court entered default against Clark and all other persons or entities having an interest in the defendant property. (Doc. 15). That day, the United States moved for default judgment and decree of forfeiture. (Doc. 16). Subsequently, on June 28, 2023, Clark came forward as a Claimant and moved to set aside the clerk's entry of default. (Doc. 20). Both motions have been fully briefed and are now ripe for review.

## V.  DISCUSSION

Default judgments "are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Yet, district courts are without power to set aside an entry of default unless the defaulting party can provide good cause for doing so. Fed. R. Civ. P. 55(c); *see also Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999). Good cause is a liberal standard, varying from situation to situation. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Importantly, it is less rigorous than the excusable neglect standard employed in setting aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

In analyzing whether good cause exists, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania*, 88 F.3d at 951.

Other factors to consider include "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*.  Of course, "these factors are not talismanic;" they are simply a "means of identifying circumstances which warrant a finding of good cause to set aside a default." *Id*. (internal quotations omitted).

In this case, the Court concludes that good cause exists to set aside the Clerk's entry of default.  First, Clark did not willfully evade this litigation.  Rather, the record indicates that "he had difficulty obtaining counsel to represent him, given the relatively small amount of money subject to forfeiture." (Doc. 25 at 3).

Second, the United States fails to demonstrate that it would suffer any specific undue prejudice from setting aside the entry of default. *See generally, United States v. Andrews*, 2010 WL 2507278 (M.D. Ga. 2010) ("The [Plaintiff] would suffer prejudice in a general sense as a result of setting aside the default. However, the [Plaintiff] has put forth no evidence showing that it would suffer any particular prejudice, like the loss of evidence.") (brackets added). Requiring the United States to litigate its case is not prejudicial. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (citing *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) for the proposition that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case.").  "[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293.  Thus, the Court concludes that the United States has failed to demonstrate that it would suffer prejudice from setting aside the entry of default.

Finally, Clark asserts that he has a viable claim to the seized currency and a meritorious defense to the United States' forfeiture claim. (Docs. 20 and 25). The United States did not respond to this argument.[1]

The Court is cognizant of the Eleventh Circuit's "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). For these reasons, the Court concludes that the Claimant has demonstrated good cause to set aside entry of default.

### VI. CONCLUSION

Accordingly, it is

ORDERED that the Claimant's motion to set aside the entry of default (doc. 20) is GRANTED and the Plaintiff's motion for default judgment and decree of forfeiture (doc. 16) is DENIED without prejudice.

DONE this 5th day of January, 2024.

                            /s/ Emily C. Marks
                            EMILY C. MARKS
                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The United States focuses its response to Clark's motion to set aside the entry of default on Clark's alleged lack of standing as a claimant. According to the United States, Clark cannot "contest a forfeiture action" without satisfying both statutory and Article III standing requirements. (Doc. 24). This looks past the fact that Clark has *not yet contested* the merits of the forfeiture by attempting to set aside the Clerk's entry of default.