IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                            )<br>      Plaintiff,                                     )<br>                                                            )<br> v.                                                        )<br>                                                            )<br> $15,000.00 IN UNITED STATES       )<br> CURRENCY and $3,980.00 IN UNITED )<br> STATES CURRENCY,                     )<br>                                                            )<br>      Defendants.                              ) | CIVIL CASE NO. 2:23-cv-118-ECM<br>[WO] |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Now pending before the Court is Claimant Orlando Clark's ("Clark") motion to dismiss the complaint. (Doc. 32). In the amended complaint, the United States of America ("the United States") alleges Clark obtained $15,000.00 and $3,980.00 in United States Currency (collectively, "Defendants") through unlawful means and seeks forfeiture of the Defendants in this *in rem* civil action pursuant to 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1)(C) for violations of 21 U.S.C. § 841(a)(1) (drug distribution). (*See* doc. 7). The motion is fully briefed and ripe for review. (*See* docs. 34 & 41). For the following reasons, the Court finds that the motion to dismiss is due to be DENIED.

## II. JURISDICTION AND VENUE[1]

The Court has jurisdiction over this action under 28 U.S.C. § 1345 (the United States as a plaintiff) and 28 U.S.C. § 1355(a) (forfeiture).[2] (Doc. 7 at 2).[3] Venue is proper in the Middle District of Alabama "pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located in this district." (*Id.*). Furthermore, the Defendants will be within the Middle District of Alabama throughout this litigation. (*Id.*).

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For civil forfeiture actions, a "complaint must: be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; describe the property with reasonable particularity; if the property is tangible, state its

---

[1] Clark asserts in his answer to the amended complaint that the Court does not have jurisdiction and venue is not proper. (Doc. 29 at 2). But in his motion to dismiss, Clark does not raise the arguments again. (*See generally* doc. 32). The Court rejects Clark's arguments.

[2] The amended complaint alleges the Defendants are in the custody of the United States Marshals Service.

[3] References to document and page numbers are to those generated by the Court's CM/ECF electronic filing system.

location when any seizure occurred and—if different—its location when the action is filed; identify the statute under which the forfeiture is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED. R. CIV. P. SUPP. R. G(2); *see also United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1548 (11th Cir. 1987) ("[A] section 881(a) forfeiture complaint must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture: in particular, that the government has probable cause to believe that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance."). Under Federal Rule of Civil Procedure Supplemental Rule E(2)(a), the complaint must also "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."

### IV. FACTS[4]

On September 28, 2022, Drug Enforcement Administration ("DEA") Task Force Officer Andrew L. Sutley ("TFO Sutley") observed a 2021 Kia Sedona van traveling south on Interstate 65 at a speed of 90 miles per hour ("mph")—20 mph over the posted speed limit. (Doc. 7 at 3). TFO Sutley began to pursue the van, which continued to travel at 90

---

[4] The recitation of the facts is based on the United States' amended complaint. (Doc. 7). At the motion-to-dismiss stage, the Court accepts as true the "factual matter" set forth in the complaint. *Ashcroft*, 556 U.S. at 678. The Court also takes judicial notice of the attachments—public records—to Clark's motion to dismiss (a form titled, "Explanation of Rights and Plea of Guilty," and a screenshot of his sentence on Alacourt.com) and considers them in ruling on the motion. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider" without converting a motion to dismiss into a motion for summary judgment.). The United States did not object to the Court considering Clark's attachments.

mph as he followed. (*Id.*). He initiated a traffic stop on Interstate 65 South and conducted the stop at mile marker 114 in Georgiana, Alabama. (*Id.*).

TFO Sutley approached the vehicle on the passenger side, observed the passenger—Clark—move his hand down between the seat and the door, and immediately smelled the odor of marijuana emanating from the van. (*Id.*). At the passenger window, TFO Sutley asked for and received identification from the driver, who produced a California driver's license bearing the name Sisulu Jeffrey Coker ("Coker"). (*Id.* at 4). TFO Sutley informed Coker he stopped the van for speeding and asked Coker to exit the vehicle. (*Id.*). While speaking with Coker, TFO Sutley observed Clark breathing heavily and his carotid artery pounding. (*Id.*). TFO Sutley asked Clark if he was okay, and he responded, "Yes!" (*Id.*).

Once Coker exited the vehicle, TFO Sutley met him at the back of the van, received permission to search him, searched him, and asked Coker why he was in the area. (*Id.*). Coker responded that he was on the way to Tallahassee to help his stepmother evacuate. (*Id.*). After this brief interaction with Coker, TFO Sutley returned to the van, asked Clark if he could check his license, and inquired about where Clark and Coker were headed. (*Id.*). Clark responded, "Going out of town. Texas." (*Id.*). TFO Sutley went back to his patrol vehicle, checked the status of Coker's license, and warned Coker to drive more carefully. (*Id.*). Then, TFO Sutley returned to the van and asked Clark to step out of the vehicle and if he would consent to a search for weapons. (*Id.* at 4–5). Clark agreed and stepped out of the van. (*Id.* at 5). While Clark was exiting the vehicle, TFO Sutley saw a purple bag, which he suspected contained marijuana and a knife, between the seat and the door, the same location where TFO Sutley observed Clark place his hand at the beginning of the

4

stop. (*Id.*). Once Clark was out of the van, TFO Sutley asked Clark to raise his arms, and as Clark raised them, TFO Sutley could see bundles of United States currency in Clark's front pocket and asked how much money Clark had. (*Id.*). Clark responded, "a few thousand." (*Id.*). TFO Sutley removed the money and placed it on the passenger seat. (*Id.*). An official count of the money revealed Clark had 199 $20 bills, totaling $3,980.00. (*Id.*).

TFO Sutley directed Clark to the front of his patrol vehicle by Coker and asked if either one of them had smoked marijuana or possessed any other drugs in the van. (*Id.*). Both denied smoking marijuana or possessing drugs. (*Id.*). Rex, TFO Sutley's K-9, then circled the van and alerted to the presence of narcotics. (*Id.*). After TFO Sutley informed Clark he saw a bag near the passenger seat, Clark announced that "[he] did have a little smoke." (*Id.*). While both passengers remained seated between the van and TFO Sutley's patrol vehicle, TFO Sutley searched the van. (*Id.*). The search produced a black bag on the floorboard of the passenger seat where Clark had been sitting. (*Id.*). The bag contained bundles of currency held together with rubber bands. (*Id.*). Upon an official count, the currency totaled $15,000.00, consisting of 64 $100 bills, 16 $50 bills, and 390 $20 bills. (*Id.*). TFO Sutley also removed the purple bag between the passenger seat and the door, which contained suspected marijuana and a knife. (*Id.*). Finally, TFO Sutley recovered a green bag which contained another purple bag holding suspected marijuana and additional bundles of United States currency. (*Id.*). After an official count, the second purple bag held $10,380.00 of currency comprising 64 $100 bills, 54 $50 bills, and 64 $20 bills. (*Id.*). When asked, Clark claimed the $3,980.00 and $15,000.00 while Coker claimed the

$10,380.00. (*Id.* at 6). As he had with the van, Rex inspected the $15,000.00 and alerted to indicate the odor of narcotics on the currency. (*Id.*).

After investigation, law enforcement confirmed Coker and Clark possessed about four grams of marijuana. (*Id.*). On November 29, 2022, Clark filed an administrative claim to the $15,000.00 in United States currency, but he did not file a claim to the $3,980.00. (*Id.*). In his claim, he erroneously stated that he sought $17,000.00 in United States currency despite notices for both the $15,000.00 and $3,980.00 being sent on the same day to the same address. (*Id.*). The Defendants are currently in the custody of the United States Marshals Service. (*Id.* at 1).

On March 7, 2023, Clark pled guilty to misdemeanor possession of marijuana in Butler County District Court, which carries a maximum fine of $6,000.00, and was sentenced to a fine of $500.00. (*See* doc. 32 at 7, 9).

## V. DISCUSSION

In his motion to dismiss, Clark argues the amount sought to be forfeited is an excessive fine and therefore violates the Eighth Amendment. (*See* doc. 32 at 2–6). In response, the United States makes three arguments: (1) the motion to dismiss is premature (doc. 34 at 2); (2) the Eighth Amendment does not apply to forfeitures under 21 U.S.C. § 881(a)(6) (*id.* at 3); and (3) the state court proceedings are irrelevant to the instant action (*id.* at 6).[5]

---

[5] Because the Eighth Amendment argument resolves the motion, the Court does not address the United States' other arguments.

The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The parties agree that the Excessive Fines Clause applies to forfeiture under 21 U.S.C. § 881(a)(4) and (a)(7) as the Supreme Court recognized in *Austin v. United States*, 509 U.S. 602, 622 (1993). But they disagree about whether the Eighth Amendment applies to forfeiture under 21 U.S.C. § 881(a)(6).

A survey of the relevant case law reveals that the circuit courts to address the issue and a former judge in this district agree with the United States' position that the Eighth Amendment does not apply to 21 U.S.C. § 881(a)(6).[6] *See, e.g.*, *United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967*, 731 F.3d 189, 194 (2d Cir. 2013) ("We have not spoken directly on the question of whether the Eight Amendment's prohibition on disproportionate punishment applies to § 881(a)(6); we do so now, and hold that it does not."); *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 874–75 (9th Cir. 2001) ("[W]e . . . hold that the excessive fines clause of the Eighth Amendment does not apply to a forfeiture action brought under 21 U.S.C. § 881(a)(6)."); *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Ests.*, 128 F.3d 1386, 1395 (10th Cir. 1997) ("[W]e . . . hold as a matter of law that forfeiture of drug proceeds pursuant to § 881(a)(6) can never be constitutionally

---

[6] The parties did not identify—and the Court did not independently find—any Eleventh Circuit precedent addressing the applicability of the Excessive Fines Clause to *in rem* forfeiture under 21 U.S.C. § 881(a)(6). The case cited by Clark for the proposition that "[f]orfeitures under 21 [U.S.C.] § 881 constitute a punitive fine and [are] therefore limited by the Eight Amendment's Excessive Fines Clause" (doc. 32 at 3), *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999), does not discuss—or even cite—21 U.S.C. § 881(a)(6).

7

excessive."); *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir. 1994) ("[T]he logic of *Austin* is inapplicable to § 881(a)(6)—the forfeiture of drug proceeds.") *United States v. Alexander*, 32 F.3d 1231, 1236 (8th Cir. 1994) ("Forfeiture of proceeds cannot be considered punishment, and thus, subject to the excessive fines clause, as it simply parts the owner from the fruits of the criminal activity."); *United States v. One Hundred Thousand Thirty Thousand Fifty-Two Dollars ($130,052.00) in U.S. Currency*, 909 F. Supp. 1506, 1513 (M.D. Ala. 1995) ("[T]he Eight Amendment is not applicable to the present case" of forfeiture under § 881(a)(6).).[7]  Clark provides no compelling reason for the Court to depart from the reasoning of these cases, and the Court declines to do so.  In line with the previous courts to address the question, the Court finds the Eighth Amendment's Excessive Fines Clause does not apply to proceeds of drug trafficking sought in a civil *in rem* forfeiture proceeding under 21 U.S.C. § 881(a)(6).

## VI. CONCLUSION

For the foregoing reasons, and for good cause, it is

ORDERED that Clark's motion to dismiss (doc. 32) is DENIED.

DONE this 1st day of July, 2025.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Here, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.